IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-50392

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO SOLIS,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-95-CR-111 (1)

---

August 8, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Arturo Solis, TDCJ # 514142, appeals his conviction for possession of an unregistered destructive device, possession of an unidentifiable destructive device, and possession of a firearm by a felon. A jury found that Solis, who was incarcerated in the administrative segregation division of a Texas maximum security prison, injured a fellow inmate by giving him a package that exploded when he tried to open it. We find no reversible error.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Many of Solis's claimed errors require us to apply the abuse-of-discretion standard.  The trial court did not depart from its wide discretion in handling trial matters.  The amount of time provided to Solis for inspecting photographs of his cell and items seized from the cell was within the boundaries of discretion and in any event did not prejudice Solis.  See United States v. Deisch, 20 F.3d 139, 154 (5th Cir. 1994).  The district court's decision not to subpoena defense witnesses was a legitimate exercise of discretion in light of Solis's failure to explain how those witnesses were necessary to his defense.  See United States Butler, 988 F.2d 537, 540 (5th Cir.), cert. denied, 510 U.S. 956, 114 S. Ct. 413, 126 L. Ed. 2d 359 (1993).  The court used its sound discretion to limit Solis's cross-examination of prosecution witnesses on the issue of whether the device could be characterized as a "firecracker."  See Bradford v. Whitley, 953 F.2d 1008, 1013 (5th Cir.), cert. denied, 506 U.S. 829, 113 S. Ct. 91, 121 L. Ed. 2d 53 (1992).  And the admission of evidence of Solis's gang activity was within the court's discretion because it had a bearing on Solis's motive for the attack.  See United States v. Leahy, 82 F.3d 624, 636 (5th Cir. 1996).

Because Solis did not raise certain objections at trial, we must review portions of his appeal for plain error under Fed. R. Crim. P. 52(b).  Before trial, Solis moved for appointment of a handwriting expert in an effort to show that the signature of the foreman of the grand jury was a forgery.  The district court denied

the motion, and Solis did not raise 18 U.S.C. § 3006A(e) or otherwise object. He complains that a long list of prosecutorial remarks were beyond the pale, but he did not raise those complaints with the trial court. He also mounts a due process challenge to his conviction under 26 U.S.C. § 5861(d) on the theory that his incarceration made it impossible to comply with the statute's registration requirements. We have held that the impossibility of compliance does not render a registration requirement unconstitutional. United States v. Ridlehuber, 11 F.3d 516, 526-27 (5th Cir. 1993). We have also rejected Solis's argument that § 5861(d) is beyond Congress's constitutional powers; the statute is a legitimate exercise of the taxing power, so infirmities in the commerce power are beside the point. Id. at 526. Finally, Solis contends that the jury instructions were erroneous because they did not require a finding of knowledge that the device was unregistered and because they went beyond the indictment. The National Firearms Act does not require the mens rea that Solis suggests, United States v. Anderson, 885 F.2d 1248, 1252 (5th Cir. 1988) (en banc), and we cannot find any basis for the claim that the jury charge went beyond the indictment. None of these points of error rises to the level of plain error, and in any event none seriously affected the fairness, integrity, or public reputation of the proceedings. See United States v. Olano, 507 U.S. 725, 731-37, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993); United States v. Calverley, 37 F.3d 160,

3

162-64 (5th Cir. 1994) (en banc), <u>cert. denied</u>, 513 U.S. 1196, 115 S. Ct. 1266, 131 L. Ed. 2d 145 (1995).

We cannot review Solis's claim that the district court improperly restricted his opening and closing arguments because he failed to include the relevant portions of the trial transcript in the record. <u>See</u> <u>United States v. Narvaez</u>, 38 F.3d 162, 167 (5th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1087, 115 S. Ct. 1803, 131 L. Ed. 2d 729 (1995).

Reviewing the evidence in the light most favorable to the state, we cannot say that the convictions rest on insufficient evidence. The jury could conclude from the prosecution's case that the package was a "destructive device" within the meaning of 26 U.S.C. § 5845, that Solis possessed it, that it was not registered and did not have the required serial number, and that parts of the device moved in interstate commerce. <u>See</u> <u>United States v. Price</u>, 877 F.2d 334, 337 (5th Cir. 1989); <u>United States v. Dickey</u>, 102 F.3d 157, 163 (5th Cir. 1996).

Because the prosecution introduced the victim's medical report at trial, it did not suppress the report under <u>Brady v. Maryland</u>, 373 U.S. 83, 86 (1963). <u>United States v. Neal</u>, 27 F.3d 1035, 1050 (5th Cir.), <u>cert. denied</u>, 513 U.S. 1008, 115 S. Ct. 530, 130 L. Ed. 2d 433 (1994), <u>and</u> <u>cert. denied</u>, 513 U.S. 1179, 115 S. Ct. 1165, 130 L. Ed. 2d 1120 (1995). Furthermore, Solis has not established that any tardy disclosure caused him prejudice. <u>See</u> <u>id.</u>

4

The multiple punishments under 26 U.S.C. §§ 5861(d) and 5861(i) do not violate the Double Jeopardy Clause because each violation involves an element that the other does not. See Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

Finally, Fed. R. Crim. P. 32(c)(1) does not require the district court to make specific findings on each contested matter at sentencing. It was proper for the court simply to reject Solis's objections and to adopt the factual findings in the pre-sentence report. United States v. Nnanna, 7 F.3d 420, 421 (5th Cir. 1993).

AFFIRMED.